JOHN F. RYAN COUNSELOR AT LAW
ATTORNEYS FOR PLAINTIFF
320 8TH AVENUE, SUITE 2R
BROOKLYN, NEW YORK 11215

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

MUSCO FAMILY OLIVE CO.

        Plaintiff,

vs.

MEDITERRANEAN SHIPPING COMPANY S.A.
d/b/a MSC.

        Defendant.

-------------------------------------------------------X/

Case No.

COMPLAINT

## COMPLAINT

NOW COMES Plaintiff, Musco Fsmily Olive Co, hereinafter referred to as AXA, by its counsel John F. Ryan Counselor At Law, and complaining of the Defendant, MEDITERRANEAN SHIPPING COMPANY S.A. d/b/a MSC.:

1. Plaintiff, Musco Family Olive Co. at all relevant times, at all relevant times is a domestic business and commercial entity doing business as Musco Family Olive Co., is incorporated in the state of California with an office 17950 Via Nicolo Road Tracy, CA 95377 and was the owner/consignee of shipment described herein and is entitled to pursue the cause of action set forth herein.

2. Defendant, Mediterranean Shipping Company S.A.. dba MSC and hereinafter referred to as MSC is believed to be a foreign corporation or similar entity formed under the laws of a foreign country with an office c/o Mediterranean shipping Company (USA) Inc. at 420 5th Ave., 8th Floor New York, N Y 10018-2702.

3. At all times material, Defendant MSC held itself out as a carrier of goods by sea for hire and that on or about November 29, 2020 the defendant issued bill of lading No. MEDUCD361829for shipment 3368 cases of olives in brine in Containers No. MSDU7546035 MSC ALGHERO voyage MC046A from Bines, Portugal to Oakland, CA. .

4. This action is comprised of admiralty and maritime claims within the meaning of Rule9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C.
Sect. 1331 and 1333..

5. The United States District Court for the Southern District of New York is the proper venue for this action by virtue of the forum selection clause contained in the operative bills of lading, sea waybills, terms and conditions of service, and/or contracts of carriage for the shipments at issue. Both Defendants have consented to the personal jurisdiction of this Honorable Court by virtue of the referenced same forum selection clauses.

6. Plaintiff's business is, among other things, to import Olives in Brine for sale to customers. In the pursuit of their business interests they did import a shipment of Olives in Brine from Portugal and they were the owner of the shipment described in this complaint.

7. That on, about or after January 18, 2020 defendant, MSC or its agent failed to deliver to plaintiff or their agents the full shipment of 3368 cases of olives in brine identified in the referenced bill of lading in good order and condition and but they were delivered in a damaged condition not in accordance with the terms and conditions of the bill of lading issued by defendant MSC.

8. That on or about January 18, 2020 MSC was put on notice that shipment was not delivered in the same good order and condition as received by defendant but in a damaged condition and that plaintiff's damages were in the amount of $55,651.20 and that it was defendant's legal obligation to pay those damages.

9. That defendant was legally obligated to care for and protect plaintiff's shipment of Olives in Brine during the transit identified on the referenced bill of lading, and to deliver the shipment of in the same good order and condition as when the shipment was received by defendant, and that defendant failed to protect plaintiff's shipment during the referenced voyage. As a result of defendant's breach of contract and negligence plaintiff has suffered damages in the amount of $55,651.20 plus costs and interest.

10. To date, defendant has failed to make any payment to plaintiff for the damages suffered as a result of defendant's breach of maritime contract and or negligence.

11. In addition to the above amount of $55,651.20 plaintiff is entitled to interest, costs and fees in amounts which will be proved at trial.

3

**WHEREFORE,** Plaintiff requests an entry of judgment against the named Defendant for the aforesaid damages, plus all pre and post judgment interest, costs and attorney fees and for such other and further relief deemed just and proper.

Date: January 18, 2022

JOHN F RYAN COUNSELOR AT LAW

John Francis Ryan
Attorney for Plaintiff
320 8th Avenue, Suite 2R
Brooklyn, NY 11215
Telephone: (718) 378-7620
Johnfryan661@gmail.com